People v Jones (2019 NY Slip Op 02898)





People v Jones


2019 NY Slip Op 02898


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2016-00273
 (Ind. No. 359/14)

[*1]The People of the State of New York, respondent,
v
Ahmed Jones, appellant.


Paul Skip Laisure, New York, NY (William Kastin of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jean M. Joyce of counsel; Ruby D. Andrade on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Neil J. Firetog, J.), imposed December 15, 2015, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The record of the plea proceeding does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257; People v Lopez, 6 NY3d 248). The Supreme Court did not ascertain on the record that the defendant understood the right to appeal and was voluntarily waiving that right (see People v Bradshaw, 18 NY3d at 265-267). Although the court explained the right to appeal and asked the defendant if he was willing to waive that right, the record does not contain any response from the defendant. It was not sufficient for the court to rely on the defense counsel's confirmation that he believed that the defendant validly waived his right to appeal (see People v Brown, 122 AD3d 133, 141). Moreover, although the record reflects that the defendant executed a written appeal waiver form, the court did not ascertain whether the defendant had read the written waiver or was aware of its contents (see id. at 145-146). Therefore, the purported appeal waiver does not preclude appellate review of the defendant's contention that the sentence was excessive.
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., CHAMBERS, ROMAN, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court